David A. De Clue, Esq. Village Attorney, Afton
You ask whether a village may enact a local law authorizing it to adopt ordinances.
Section 10(1) of the Statute of Local Governments grants to local governments the power to adopt ordinances. Article IX, § 2(b)(1) of the State Constitution provides that a power granted to local governments in the Statute of Local Governments may be repealed "only by enactment of a statute by the legislature with the approval of the governor at its regular session in one calendar year and the re-enactment and approval of such statute in the following calendar year".
In accordance with this constitutional provision, the Legislature eliminated the power of villages to adopt ordinances by enacting, at two consecutive sessions, a bill approved by the Governor repealing that portion of Village Law, § 20-2000 which granted such power (L 1973, ch 974; L 1974 ch 1028). Thus, as of September 1, 1974, the effective date of the repealer, villages were divested of the power to adopt ordinances. This was done for the purpose of establishing a uniform and exclusive procedure for the enactment of local legislation by villages, that procedure being the adoption of local laws (see, Sponsor's Memorandum in relation to Assembly Int 7317, later enacted as chapter 974 of the Laws of 1973; Memorandum of the Joint Legislative Committee on Towns and Villages in relation to Assembly Int 11076, later enacted as chapter 892 of the Laws of 1972, the predecessor to present Village Law, § 20-2000).
The necessity for the 1973 amendment repealing the power of villages to enact ordinances was stated in the Sponsor's Memorandum:
 "Villages may currently effectuate legislation through the adoption of ordinances or local laws. The procedures for the adoption of ordinances differ from the procedures for the adoption of local laws. The disparity of procedures is confusing to government officials and citizens alike. The failure of the Legislature to delineate between those matters which can be legislated by ordinance and those matters which can be legislated by local law has led to many difficulties. As a result, villages frequently utilize the improper method, thereby bringing about the rejection of needed legislation.
 "It is, therefore, urged that a single set of procedures be used for the adoption of local legislation. To this end, this legislation was introduced as an amendment to the recodification of the Village Law requiring a village that desires to adopt local legislation to do so only by means of local law."
Thus, the Legislature has determined that the adoption of local laws is the exclusive procedure for a village to enact local legislation. Since under current state law, all legislative action by a village must be taken by local law, the question you raise is whether the procedure for adopting such legislation may be changed through action at the local level. In your letter, you suggest that your village might be authorized to do this under Village Law, § 4-412 and Municipal Home Rule Law, § 10, each of which generally grant villages the power to enact local laws not inconsistent with the Constitution or any general laws relating to their property, affairs or government.
The procedure for the adoption of local laws is set forth in Article 3 of the Municipal Home Rule Law. Included in that article are provisions for the adoption (id., § 20) approval (id., § 21), reconsideration (id., § 26), filing and publication of local laws (id., § 27) and for the submission of such laws to mandatory or permissive referenda(id.,, §§ 23, 24). We believe that the legislative intent behind Article 3 was to establish a uniform, fair and orderly procedure for adoption of local laws. This purpose would be defeated if the procedure could be modified on an ad hoc basis by any local government. Additionally, in eliminating the ordinance power of villages, the intent was to establish a uniform and exclusive procedure for local legislation, that is by local law. The reestablishment of ordinance power would defeat this purpose. Further, a local law adopted under section 4-412 or Municipal Home Rule Law, § 10 must be consistent with general State law (Municipal Home Rule Law, § 10[1]; Village Law, § 4-412[1]). Article 3 of the Municipal Home Rule Law, in terms and in effect applies alike to all local governments and, therefore, is a general law (Municipal Home Rule Law, § 2[5]). In our opinion, a local law authorizing villages to adopt ordinances would be inconsistent with Article 3 of the Municipal Home Rule Law and, therefore, outside the scope of village authority under Village Law, § 4-412(1) and Municipal Home Rule Law, § 10(1) (Municipal Home Rule Law, § 10[1]; Village Law, §4-412[1]). Nor are we aware of any other provisions of law under which this could be accomplished.
We conclude that a village may not enact a local law authorizing it to adopt ordinances.